IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| | : | |
| v. | : | NO. 16-CR-419 |
| | : | |
| SAUL OTERO-MONTALVO | : | |

**MEMORANDUM OPINION**

**SCHMEHL, J.**  /s/ JLS                                             **May 14, 2021**

Mr. Saul Otero-Montalvo (the "Movant") filed two motions for compassionate release based upon the COVID-19 pandemic and under the First Step Act. After a review of his first Motion, the Court referred the matter to the Federal Defender's Office for representation of the Movant's case. The Federal Defenders declined representation. Shortly after, the Movant filed his second Motion for Compassionate Release, which he labeled as an emergency motion. Below, I deny his both Motions for Compassionate Release because he is vaccinated from COVID-19 and his familial circumstances do not justify release.

**I.    FACTUAL BACKGROUND**

The Movant is currently serving a 120-month imprisonment sentence at FCI Fort Dix after pleading guilty to conspiracy to distribute five kilograms or more of cocaine. The Movant has served approximately 74 months of his incarceration and has credit for good conduct time of approximately 11 months. During his incarceration, he has not received any disciplinary infractions, he tested positive for COVID-19 on January 6, 2021, which was deemed resolved on January 20, 2021, and he received both doses of Pfizer's COVID-19 vaccine in March and April 2021.

The Movant is 41 years old, he is obese, has asthma, and complains profusely that the Bureau of Prisons, FCI Fort Dix in particular, is failing to appropriately manage the COVID-19 pandemic in the prison system. Additionally, his son is being placed into foster care after his mother was incarcerated, and his son, who is a Type 1 diabetic, will be turning eighteen-years-old in October 2021, so he argues that he should be released to take care of him.

## II. LEGAL AUTHORITY

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), as amended by the First Step Act on December 21, 2018, provides in pertinent part:

> (c) Modification of an Imposed Term of Imprisonment.—The court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

The relevant Sentencing Guidelines policy statement appears at § 1B1.13, and provides that the Court may grant release if "extraordinary and compelling circumstances" exist, "after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," and the Court determines that "the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." In application note 1 to the policy

statement, the Commission identifies "extraordinary and compelling reasons" that may justify compassionate release as follows:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2) [regarding absence of danger to the community], extraordinary and compelling reasons exist under any of the circumstances set forth below:

(A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

      (I) suffering from a serious physical or medical condition,

      (II) suffering from a serious functional or cognitive impairment, or

      (III) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant

   (i)    is at least 65 years old;

   (ii)   is experiencing a serious deterioration in physical or mental health because of the aging process; and

   (iii)  has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

   (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.— As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

Generally, the defendant has the burden to show circumstances that meet the test for compassionate release. *United States v. Heromin*, 2019 WL 2411311, at *2 (M.D. Fla. June 7, 2019); *United States v. Stowe*, 2019 WL 4673725, at *2 (S.D. Tex. Sept. 25, 2019).

Accordingly, if a defendant's medical condition is found to be the type of condition that puts a defendant at the increased risk of an adverse outcome from COVID-19, a court must then analyze the factors under section 3553(a) and the Sentencing Commission's policy statement. Section 3582(c)(1)(A) requires a court to consider the "factors set forth in section 3553(a) to the extent they are applicable" before a sentence may be reduced. These factors require a determination of whether the sentence served "reflect[s] the nature and circumstances of the offense and the history and characteristics of the defendant;" "reflect[s] the seriousness of the offense;" "promote[s] respect of the law;" and "afford[s] adequate deterrence to criminal conduct." The statute also instructs a court to consider the Sentencing Commission's policy statement, which allows a sentence reduction only if "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13.

III. <u>ANALYSIS</u>

First, it appears that the Movant does not pose a danger to the community if he were released. The government argues that he poses a danger to the community because of his drug-related criminal conduct. However, his offense was non-violent, he has not received any

disciplinary infractions while incarcerated, and he has served the majority of his sentence. But this is not the end of our analysis.

The Movant's health and medical conditions do not support release. The Movant is 41 years old, obese, and has asthma. However, the Movant contracted COVID-19 and purportedly dealt with it with little issue. Most importantly, the Movant has received both doses of Pfizer's COVID-19 vaccine.[1]

Next, a large portion of the Movant's Motion complains that the Bureau of Prisons, FCI Fort Dix in particular, is failing to appropriately manage the COVID-19 pandemic in the prison system. But having noted that the Movant and other inmates are now fully vaccinated, it shows the opposite of what he complains of. The BOP and FCI Fort Dix administering vaccinations shows that they are taking the appropriate precautions to the COVID-19 pandemic and are safeguarding inmates. Pursuant to U.S.S.G. section 1b1.13, these factors do not favor release.

The Movant further argues that he should be released so that he may care for his son who is now in foster care and is turning eighteen years old in October 2021. The fact that he would care for his son and take him out of foster care, or anything related to that matter, is not sufficient for the Movant to be released. Given his serious federal drug offense, specific and general respect for the law, and the principle of just punishment, this argument is unavailing and does not

---

[1] The vast majority of cases deny Motions for Compassionate Release where the movant has been administered with a COVID-19 vaccine because the vaccines are effective, it is evidence that the inmate is protecting themself from the virus, and it shows BOP's effort in protecting inmates. *United States v. Perry*, ECF #15-383, ECF #81 (E.D. Pa. Apr. 9, 2021); *United States v. Roper*, 2021 WL 963583 (E.D. Pa. Mar. 15, 2021); *United States v. Stiver*, 2021 WL 1110593 (W.D. Pa. Mar. 23, 2021); *United States v. Lipscomb*, 2021 WL 734519 (M.D. Fla. Feb. 25, 2021); *United States v. Groom*, 2021 WL 1220225 (S.D. Ohio Apr. 1, 2021).

comport with the law. *See United States v. Cruz-Rivera*, 2020 WL 5993352, at *7 (E.D. Pa. Oct. 9, 2020)

## IV. <u>CONCLUSION</u>

The Movant is incarcerated on a serious federal drug offense, he is vaccinated from COVID-19, the Bureau of Prisons is evidently taking the appropriate precautions to the COVID-19 pandemic, and his familial circumstances of taking care for his soon-to-be eighteen-year-old son do not warrant compassionate release. Therefore, Mr. Otero-Montalvo's Motions for Compassionate Release are denied.